HUSBAND AND WIFE ☞304—DESERTION AND NONSUPPORT—WILLFULLY—DESTITUTE.

Defendant's wife having a house and $300 in money when he left her, and the fact that she afterwards became destitute or in need, if she did, not being brought to his knowledge, he is not within Vernon's Ann. Pen. Code, 1916, art. 640a, declaring a punishment for a husband who willfully deserts or fails to provide for his wife, in destitute or necessitous circumstances.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1102; Dec. Dig. ☞304.]

Appeal from Harris County Court, at Law; Murray B. Jones, Judge.

Webb Furlow was convicted, and appeals. Reversed and remanded.

K. C. Barkley, of Houston, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of deserting his wife in destitute and necessitous circumstances, and his punishment assessed at a fine of $100.

The statute under which appellant was indicted reads:

"That any husband who shall willfully or without justification, desert, neglect or refuse to provide for the support and maintenance of his wife, who may be in destitute or necessitous circumstances, * * * shall be punished by a fine, etc." Article 640a, Penal Code (Vernon's 1916).

The law is not unconstitutional, and the information charges an offense under the law. As the record is presented, there is but one question that need be discussed. The law requires that the act of appellant shall be "willful," and the wife must be in destitute and necessitous circumstances.

Appellant and his wife had parted several times. The testimony of both of them would convince any one that their marital relations were not pleasant. As to whose fault, this need not be discussed at this time. Appellant decided to quit his wife, and did so, remaining in the same town she lived in. Before quitting her he had deeded her one lot shown to be worth $700. After quitting her, he deeded her the home in which they were living, worth some $1,000 or $1,200. Against this were some notes for about $250 or $300.

She and appellant both agree she had $300 in money when he quit her. She had been raised by appellant's brother, who had married the aunt of appellant's wife. After the separation, she went and lived with his brother again. While it is true that Mrs. Furlow testifies that she had spent the $300 and was in necessitous circumstances, yet it is apparent she was not quite destitute, because she had a place at which she could live—the place she lived before she married, with the brother of appellant. At least it does not appear that appellant had been put in possession of facts that would make known to him his wife was in either necessitous or destitute circumstances. He testifies that, while he had not given her any money since they parted, she admits she had never called on him for any. He testifies further, if she had, he would have given her money according to his ability.

The facts in this case, we think, do not make a case within the purview and meaning of the statute. There is no willful desertion of or failure to provide for a wife in necessitous and destitute circumstances. She was neither in need nor destitute at the time of the separation, and, if she became so after the separation, this fact must be brought to the knowledge of appellant, before he can be said to have willfully refused to provide.

Reversed and remanded.

---

LOOPER v. STATE.    (No. 3890.)

(Court of Criminal Appeals of Texas. Jan. 12, 1916.)

CRIMINAL LAW ☞1090—APPEAL—QUESTIONS PRESENTED FOR REVIEW.

Where accused pleaded guilty to violating the local option law and received the lowest punishment, his appeal presents nothing for review, there being no statement of facts or bill of exceptions showing the proceedings at trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. ☞1090.]

Appeal from Johnson County Court; B. Jay Jackson, Judge.

Baylor Looper was convicted of a misdemeanor, and he appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant pleaded guilty, waiving a jury, to violating the prohibition law, which was in force in Johnson county as a misdemeanor. The judge assessed the lowest punishment. There is no statement of facts, if any testimony was introduced on the trial. Neither is there a bill of exceptions. There is nothing that can be reviewed. Evidently the appeal was for delay merely.

The judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes